IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANIE P. KINSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:11-cv-166-MEF |
| | )           (WO) |
| ASSURANCE AMERICA INS. CO., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

On March 9, 2011, Plaintiff Janie Kinsey ("Kinsey"), a *pro se* litigant in this Court, brought suit against Assurance America Insurance Company ("Assurance").[1] With the complaint, Kinsey filed a motion for leave to proceed *in forma pauperis* (doc. # 2). Upon consideration of the plaintiff's motion to proceed *in forma pauperis*, it is

ORDERED that the motion be and is hereby GRANTED.

Proceeding on the basis of the court's diversity jurisdiction, Kinsey seeks damages against Assurance in the amount of one hundred and eighty thousand dollars ($180,000) for Assurance's failure to settle a claim arising out of an automobile accident involving an Assurance-insured motorist.

Alabama law is clear that before Kinsey can bring suit against Assurance, she must first obtain a judgment against Assurance's insured motorist.

---

[1] Kinsey attaches to her complaint a document entitled Federal Tort Claims Act and refers to defendants named in another lawsuit filed in this court on the same day as this complaint. *See Kinsey v. Watkins, et al.*, Civ. Act. No. 2:11cv165-MEF-TFM (M.D. Ala. Mar. 9, 2011). Clearly, the document is attached to this complaint in error.

> "The injured party, however, can bring an action against the insurer *only after* he has recovered a judgment against the insured and *only* if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor."

*State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 648 (Ala. 2004) *quoting Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979, 981-82 (Ala. 1982) (emphasis added).  See also *Knox v. Western World Ins. Co.*, 893 So. 2d 321 (Ala. 2004) (affirming order dismissing plaintiff's declaratory-judgment claim on basis that final judgment had not been entered against insured/alleged tortfeasor); *Wiggins v. State Farm Fire & Cas. Co.*, 686 So. 2d 218, 220 (Ala. 1996) (quoting *Maness* for the proposition that an injured party "'can bring an action against the insurer only after he has recovered a judgment against the insured'"); *Hicks v. Alabama Pest Servs., Inc.,* 548 So. 2d 148, 150 (Ala. 1989) (judgment had not been entered for plaintiff; therefore, plaintiff had no right to pursue cause of action against insurance company); *Stewart v. State Farm Ins. Co.,* 454 So. 2d 513, 514 (Ala. 1984) (citing *Maness* and holding that a plaintiff could not bring a direct action against the alleged tortfeasor's liability insurer under a third-party-beneficiary theory); *Howton v. State Farm Mut. Auto. Ins. Co.,* 507 So.2d 448, 450 (Ala.1987) (noting *Maness, Stewart,* and other cases in holding that a plaintiff may not maintain a direct action against an insurer before a judgment has been rendered against the insured/alleged tortfeasor unless the insurer causes an independent injury to the plaintiff).

Upon review of the complaint filed in this case, the Court concludes that dismissal of

2

the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B).² Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).³ *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981).⁴ Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*,695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

---

² Assurance has filed a motion to dismiss which is due to be denied as moot. *See* Doc. # 4.

³ Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

⁴ *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In response to the defendant's motion to dismiss, Kinsey asserts that she has a direct action against Assurance America; she does not claim that she has obtained a judgment against Assurance America's insured. *See* Doc. # 7.  Notwithstanding her assertion to the contrary, because Kinsey has not yet obtained a judgment against Assurance America's insured, the claim she presents against Assurance is 'without arguable merit in fact or law," and she has failed to state a claim for which relief may be granted.  Consequently, this action is due to be dismissed as frivolous.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and that the defendant's motion to dismiss be DENIED as moot.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 22, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

4

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of April, 2011.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE